NAATJE VAN DER AA

*v.*

JOHANNA VANDRUNEN *et al.*

*Opinion filed February 17, 1904.*

1. EVIDENCE—*what not conclusive evidence of delivery of deed.* That the testimony of the only eye-witness to the alleged delivery of a deed is not contradicted by direct testimony does not conclusively establish such delivery, when the statements of the witness are shown to be inconsistent, and where the weight of evidence tends to show the grantee never saw the deed until after the grantor's death, when she found it and had her name written in a blank space.

2. APPEALS AND ERRORS—*chancellor's opportunity to observe witnesses has weight in sustaining his findings.* The chancellor's opportunity to observe witnesses when testifying in open court is entitled to be given due weight and consideration by the Supreme Court when reviewing his findings, which must stand, in such case, unless clearly against the weight of the evidence.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

JOHN C. TRAINOR, and CHARLES J. TRAINOR, for appellant.

F. R. DEYOUNG, *pro se;* ROGERS & MAHONEY, and I. T. GREENACRE, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing complainant's bill in a suit filed in that court in March, 1901, by appellant, Naatje Van der Aa, widow of Gerritt Van der Aa. By said bill complainant sought to have vacated several deeds made by the defendants, the daughters and sons-in-law of complainant, to certain property described therein; to obtain a release of parts of said property from certain encumbrances thereon; to have decreed to complainant money paid by her to defendants as rent, and for an order requiring defendants to return to complainant a certain

warranty deed alleged to have been made to her by said Gerritt Van der Aa conveying the property in question, and for other general relief.

Appellant by her bill sets forth facts substantially as follows: That her husband, Gerritt Van der Aa, owned four pieces of land (describing the same) in Cook county; that three of the pieces are contiguous and aggregate 64.72 acres, and the remaining piece is separate and contains about 30 acres; that said husband died March 28, 1898, leaving six daughters, his only children, the principal appellees here; that in May, 1897, her husband, by warranty deed, conveyed said lands to complainant, but the deed was never recorded; that in August, 1898, she gave this deed to the husband of one of these daughters; that he kept it and was appointed administrator of her husband's estate, and in February, 1899, inventoried the lands in the probate court; that she paid rent in 1899 and 1900; that December 8, 1900, these heirs partitioned the land among themselves by deeds which were recorded, and that two of them encumbered their respective parts and got her to join in the encumbrances.

Lizzie Van der Aa, one of the defendants, a daughter of complainant, having been adjudged insane, her conservator filed an answer for her, denying the allegations of the bill and calling for strict proof of the matters therein alleged. F. R. DeYoung, another of the defendants, answered *pro se*, claiming to have acted only as attorney for the administrator and disclaiming all interest in the property except as trustee in a certain trust deed, and insisted upon the legal defenses interposed by the main defendants. The other ten defendants, being the daughters and sons-in-law of complainant, answered, denying the allegations of complainant's bill and asserting their ownership of the property in question as the heirs of Gerritt Van der Aa, deceased.

The case was tried before the chancellor upon evidence, oral and documentary, introduced in open court,

and resulted in the chancellor dismissing complainant's bill for want of equity, which action of the court below, upon appeal to this court, appellant assigns as error, and insists that the decree of the chancellor dismissing her bill was not warranted by the evidence, and should by this court be reversed and the relief prayed for by her be granted.

On this appeal there is practically no question of law presented, the only substantial controversy being as to whether the evidence is sufficient to sustain the decree rendered.

The parties to this suit all live in South Holland, in Cook county,—a Dutch settlement on the outskirts of Chicago. In 1866 Gerritt Van der Aa married a Mrs. Gouwens, the present appellant, who was then a widow with two children,—one, John J. Gouwens, a witness in her favor in this case, and the other a daughter, who died in 1881, leaving as her only heir Peter Peerbolte, also a witness of appellant. Six children, all daughters, were born to Mr. and Mrs. Van der Aa. The daughters, except Lizzie, insane, were at the time of this suit married, and all, with the husbands, are defendants to the bill. The children of the complainant by her first marriage, during childhood, also constituted part of the family of the complainant and her second husband. In 1897 Gerritt Van der Aa, being somewhat advanced in years, was considering some plan by which he could so arrange his affairs that after his death his estate might be settled without the interposition of any court and the cost of administration be thus saved to his heirs. He consulted with friends (not lawyers) as to how this purpose might be accomplished, and finally one Peter DeYoung, a police magistrate and notary public, seems to have informed Mr. Van der Aa that he could arrange his matters as he desired, and he prepared the deed in question, and on May 31, 1897, Mr. Van der Aa, before said DeYoung, executed and acknowledged the same. Concerning this deed

the testimony is conflicting. Appellant contends that it was properly executed, acknowledged and delivered and one dollar given as a consideration therefor. She being incompetent to testify as to what took place prior to the death of her husband, the maker of the deed, offered Peter Peerbolte, above mentioned, as a witness, who, it is claimed, is the only eye-witness to the delivery of the deed by Gerritt Van der Aa to complainant. This witness testified that he and Van der Aa had been to Roseland and on their way home stopped and got the deed, which had been previously prepared, other title deeds having been taken to the scrivener previously for ascertainment of the proper data; that on the way home he saw the deed; that the word "Naatje," complainant's first or given name, was then in the body of the deed; that after arriving at home and going into the house he saw Van der Aa deliver the deed to complainant; that he told her she would have to give him one dollar as consideration, which she did. In corroboration of this testimony, John J. Gouwens, also above mentioned, testified that Van der Aa, the grantor, told him of his intentions to make the deed to complainant, and that after the deed was made he told witness that he had deeded his property to his wife, the complainant. Mary Gouwens, wife of the above mentioned witness, also testified to conversations with Van der Aa similar to those testified to by her husband. On the contrary, Peter DeYoung, the notary who took the acknowledgment, testified that Gerritt Van der Aa consulted him about the disposition of his property, stating that he wanted to divide his property before his death so as to save the cost of administration; that the witness then told him that he could draw a deed so that it would not be any good while he (the grantor) lived but would spring into life after he died; that he drew up the deed in question, leaving out the first or given name of the grantee, his purpose and intention being, that with the deed so drawn it would not be effective

until returned and the omitted name inserted, which ar-
rangement was approved by Mr. Van der Aa, who stated
he would take the deed home and change it afterwards
when his mind was fully made up as to what he desired
to do, but that he was not ready then; that he wanted
to remain "boss" as long as he lived. The witness fur-
ther stated that four or five days before Van der Aa died,
young Peerbolte came after him to go to Van der Aa's
house, which witness did, and found there a family meet-
ing of the daughters and sons-in-law; that witness told
Van der Aa that he had brought along the blank deeds,
supposing that Van der Aa desired him to make out deeds
to the various children for the several tracts of land to
be given them, in accordance with the previous sugges-
tions and conversations had between witness and Van
der Aa; that Van der Aa stated to witness he wanted
to divide his land among his children, and preparations
were made to that end, but because of some hitch in
the grantor's plans, occasioned by Peerbolte and John
J. Gouwens, the matter was not consummated. Witness
further stated that the next time he saw the deed in ques-
tion was about two months after the death of Gerritt
Van der Aa, when Peter Peerbolte brought the deed to
him at his house and stated that the "old lady" wanted
the deed fixed up, and that witness then filled in the
name "Naatje," which had been lacking. Witness fur-
ther stated that it was the distinct intention of Gerritt
Van der Aa, as expressed to him, that he was having the
deed made so that in case he did not further distribute
his land before he died it would be in such shape that
after his death his wife might distribute it among his
children; that it was the understanding of both the wit-
ness and Van der Aa that omitting the first name of the
grantee destroyed the validity of the instrument until
the same was inserted.

As to the family meeting that took place four or five
days prior to the death of Gerritt Van der Aa, and the

purpose of it, the daughters and sons-in-law who were present testified in corroboration of the witness Peter DeYoung. Catharine DeYoung, daughter of Peter De-Young, corroborated her father as to the circumstance of the deed being returned and the filling in of the name "Naatje." The original deed was by order of the court below transmitted to this court for inspection. The given name "Naatje" quite clearly appears to have been written with different ink and pen from any other part of the deed, which fact tends to corroborate appellees' contention that the deed was left incomplete when made, and tends to contradict appellant's son and main witness. Peerbolte denied returning the deed for the insertion of complainant's name, having stated that it was originally placed in the deed. On the part of complainant it was also denied that the family meeting spoken of was for the purpose stated by defendants, but, on the other hand, it was for the purpose of the deceased stating to his children and their husbands the fact that he had deeded the land to his wife and that she understood the disposition he wished her to make of it. Seven different witnesses testified that the complainant stated to them that she did not know of the deed until after the death of her husband, when she found it in a trunk, one of the witnesses being attorney F. R. DeYoung. It further appears from the evidence that complainant, some time after the death of Gerritt Van der Aa, gave the deed to two persons,—Michael Van der Aa, a brother-in-law of Gerritt Van der Aa, and John J. Gouwens, her son by a former husband,—to have recorded, but each of these parties failed (as they stated, because they did not have time,) to record the same. Gerritt Pon, of the firm of Tenniga Bros. & Pon, real estate agents, testified that in the spring of 1898 complainant, and, as he thought, in company with John J. Gouwens, came to his office and asked his advice about the deed, and that after hearing her statement he told her he did not think the deed was

208—8

good, but directed her to apply to the Security Title and Trust Company for further information. The evidence further discloses that matters remained in an unchanged and unsettled condition until one Kirkert, who had a claim against the deceased, began to take steps to have it settled, and his attorney, F. R. DeYoung, one of the defendants, informed appellant that it would be necessary to have the estate administered on, and if she did not select some one to act for that purpose, the creditor might institute such proceeding. Finally, Bastian Van-Drunen, one of the sons-in-law and one of the defendants, was appointed administrator,—as stated by defendants, at the request of appellant; but this she denies. After the probate of the estate was entered upon, appellant received and receipted for her award, retained homestead and rented the land, retaining one-third of the rent as her dower and accounting for the balance to the heirs. Certain claims having been allowed against the estate and there being a deficiency of personal assets to meet the same, according to defendants it was arranged that a fund be raised by the daughters to meet this demand, and accordingly those who had not the money mortgaged their portions to raise the required amount. In order to carry out this plan the partition of the land was made among the several heirs subject to the dower rights of appellant, and then those who had to borrow mortgaged the portions so set off to them, appellant joining in said encumbrances. Appellant, it is claimed, also went with her daughter Lizzie, who was single, to procure the loan necessary for her contribution.

We might go on and enumerate other circumstances disclosed by the evidence tending to show the deed in question was not legally delivered and tending to support the decree rendered in the court below, but we think enough has already been set forth, notwithstanding the contradictory evidence of appellant, to show that unmistakably the decree is not manifestly against the weight

of the evidence, and in our judgment the decided weight of the evidence is in its favor.

Appellant insists that Peter Peerbolte was the only eye-witness to the alleged delivery of the deed, and as he testified to such delivery, and there being no direct evidence to the contrary on that particular point, the fact of such delivery is conclusively established. We think the conflicting statements made by this witness, as shown by the record but which we have not taken the space to enumerate; the overwhelming evidence by which he is in many particulars contradicted, and the great weight of the evidence to the effect that the complainant admitted to various persons that she never saw the deed until after the grantor's death, when she found it in an old trunk, and her subsequent acts, which are entirely consistent with defendants' theory of the case, but which, if complainant's position be true, her alleged illiteracy can hardly explain,—all taken together, are more than sufficient to overcome the statement of complainant's witness as to the delivery of the deed.

On the whole record we do not see how the chancellor could have found otherwise than he did; but even if we were in doubt as to the correctness of the conclusions reached by the trial court as to the facts established by the evidence, according to the well established rule of this court we would not be justified in setting aside the decree unless, from a review of the record, we were able to say that the decree of the chancellor was clearly and palpably erroneous. This case was tried before the chancellor, and as we have so often said and as is patent to everyone, the trial judge, in cases of this kind, has opportunities for correctly weighing the evidence and arriving at the truth far superior to our own, which fact this court is bound to take into consideration and give due weight thereto when called upon to review a decree. *Dowie* v. *Driscoll*, 203 Ill. 480; *Duncan* v. *Duncan*, id. 461; *Hardy* v. *Dyas*, id. 211; *Fabrice* v. *Von der Brelie*, 190 id. 460;

*Van Vleet* v. *DeWitt,* 200 id. 153; *Springer* v. *Chicago Real Estate Loan Co.* 202 id. 17; *Garden City Sand Co.* v. *Gettins,* 200 id. 268; *Coari* v. *Olsen,* 91 id. 273.

The certificate of acknowledgment endorsed on the deed here in question can have no weight as evidence of a delivery, since it is conceded by appellant that at the time of said acknowledgment no delivery was made.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*