SAMUEL A. MERRY, Appellee, *vs.* JOHN H. BERGFELD, Appellant.

*Opinion filed June 16, 1914.*

1. INSANE PERSONS—*rule as to dealing with insane person.* A person who has been adjudged insane may, after being restored to reason, disaffirm and have set aside a contract entered into while he was insane, but if the party who dealt with him did so in good faith and without notice of his insanity, the party seeking disaffirmance must return, or offer to return, what he has received under the contract.

2. SAME—*when chancellor's finding that party was not insane will be sustained.* A finding by the chancellor that the party seeking to disaffirm a contract was not insane when the contract was

made will be upheld on appeal, where the number of witnesses testifying on each side is about the same and their opportunities for observation apparently equal, and the finding cannot be said to be unwarranted by the evidence.

APPEAL from the Circuit Court of Effingham county; the Hon. ALBERT M. ROSE, Judge, presiding.

S. F. GILMORE, and W. S. HOLMES, for appellant.

R. C. HARRAH, and PAUL TAYLOR, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, Samuel A. Merry, contracted with appellant, John H. Bergfeld, on the 11th day of May, 1911, for the purchase of certain premises in the city of Effingham belonging to appellant, for the sum of $762.50. Thereafter appellant and his wife executed a deed to said premises to appellee and delivered it to him May 17, 1911, at which time appellee paid $262.50 as part of the purchase price, and on the same day he and his wife executed to appellant two promissory notes for the sum of $250 each, payable, respectively, one and two years after date, with interest at six per cent per annum, and secured the same by a mortgage to appellant on the premises. On June 26, 1911, appellee was adjudged insane and committed to the Southern Illinois Hospital for the Insane, where he remained until April, 1912, when he was discharged as restored. On the 19th day of August, 1912, appellee served notice on appellant, by delivering the same to his attorney, that he disaffirmed the contract and transaction in the sale and purchase of said property, on the ground that he was insane and incapable of entering into any contract whatever. The notice stated that he was now restored to reason, and he tendered a deed from himself and wife conveying the premises back to appellant and demanded a surrender and cancellation of the notes and mortgage he had given appellant

and also the cash payment made. This demand not having been complied with, he filed his bill on the 21st day of August, asking that the contract of purchase of the real estate be declared void, that appellant be ordered to surrender and deliver up the notes and mortgage and to pay into court for appellee the $262.50 paid on the purchase price. Appellant answered, denying appellee was insane during the month of May, and alleging that during that time he was in business in the village of Dieterich, and was when he contracted for the purchase of the property and received the deed therefor, of sound mind. The answer denied appellee was entitled to any of the relief prayed for. Appellant filed a cross-bill praying for the foreclosure of the mortgage, and the cause was heard in open court by the chancellor upon the bill and cross-bill, and a decree was entered granting the relief prayed in the original bill and dismissing the cross-bill. This appeal is prosecuted from that decree.

That a person who has been adjudged insane may, after being restored to reason, disaffirm and have set aside a contract entered into while insane has been frequently decided and is not in dispute in this case. If the party who dealt with the insane person did so in good faith and without notice of his insanity, the party seeking disaffirmance must return, or offer to return, what he has received under the contract. (*Ronan* v. *Bluhm,* 173 Ill. 277; *Eldredge* v. *Palmer,* 185 id. 618.) None of these propositions are here controverted. The main controversy is whether the evidence offered by appellee supports the finding in the decree that he was insane in May, 1911. He was adjudged insane in the county court June 26, 1911, and the evidence upon the question of insanity was as to his mental condition in the month of May, when he purchased the property from appellant. A number of witnesses for appellee testified to acts and conduct from which they concluded he was insane during the month of May, and they so testified.

Other witnesses for appellee testified to acts and conversations of appellee peculiar and unusual or seemingly irrational, but expressed no opinion as to appellee's mental condition. Appellant's witnesses, no greater in number and with no better opportunities for observing appellee's mental condition, testified he was, in their opinion, of sound mind in May, 1911. The number of witnesses for the respective parties who testified as to his mental condition was substantially equal, and it is only a question whether the chancellor erred in giving greater weight and credit to the testimony on behalf of appellee than to the testimony on behalf of appellant. We cannot say from reading the evidence and considering the opportunities of the witnesses for observing appellee, in connection with his acts and conversations upon which the witnesses based their opinions as to his sanity, that the court was unwarranted in giving the greater weight to the testimony on behalf of appellee. The chancellor saw the witnesses and heard them testify, and it is universally conceded could better judge of the weight to be given the evidence than can a reviewing court, and it is the duty of a court of review to take this fact into consideration. (*Hardy* v. *Dyas*, 203 Ill. 211.) "If we were in doubt as to the correctness of the conclusions reached by the trial court as to the facts established by the evidence, according to the well established rule of this court we would not be justified in setting aside the decree unless, from a review of the record, we were able to say that the decree of the chancellor was clearly and palpably erroneous." *Van der Aa* v. *VanDrunen,* 208 Ill. 108.

Under the condition of this record it cannot be said the decree was clearly and palpably contrary to the weight of the evidence, and under the uniform rule in such cases the decree must be affirmed.                    *Decree affirmed.*